## TERRITORY OF HAWAII

*v.*

## FRANK MARZAN RODRIGUES.

## NO. 2965.

ARGUED MAY 2, 1955.                    DECIDED MAY 12, 1955.

STAINBACK AND RICE, JJ., AND CIRCUIT JUDGE BUCK
IN PLACE OF TOWSE, C. J., ABSENT.

OPINION OF THE COURT BY STAINBACK, J.

The grand jury of the first judicial circuit on March 5, 1953, indicted defendant-plaintiff in error for malicious conversion.

On the evening of December 10, 1952, a certain motor vehicle, the property of one Kenneth Kaneshiro and Kameko Tamashiro, was unlawfully taken from a garage where it was parked. On December 12 a report of the missing vehicle was made to the Honolulu police department. On January 12, 1953, defendant was arrested and taken into custody. A written confession was given by him on January 13 in which defendant confessed his guilt of the crime of malicious conversion. In the purported confession the type of car, the fact that the number was removed, and other details were given. The theft of the car was not disputed.

Upon arraignment defendant entered a plea of not guilty and on August 10, 1953, a jury-waived trial was held, at the conclusion of which defendant was found

guilty and sentenced to imprisonment for a maximum term of five years.

The defendant later repudiated his confession and claimed it was obtained under threat of force. This alleged threat of force was denied by the two police officers to whom the confession was made and also by the police court reporter.

The confession was received in evidence by the court and the conviction rests upon the truth or the falsity of the confession.

In due time a writ of error was sued out to this court.

The defendant-plaintiff in error claims that the confession of the accused contains a statement of a material fact which is conclusively shown to be untrue and therefore the entire confession must be rejected as untrustworthy.

The contention of defendant-plaintiff in error was that the confession taken from defendant by the detectives recites that the stolen automobile was abandoned on the morning of December 11, 1952, in a vacant lot where it was found on December 30, 1952, and claims "the undisputed testimony of the individual who discovered the abandoned vehicle shows that the automobile could not have been abandoned at this location prior to December 28, 1952." This statement does not coincide with the testimony of the witness who discovered the automobile who says that it was not prior to December *15* that he reported the same to the police, a day or two after he had noticed it. While the car was across the street from the witness's house in a vacant lot, there is no showing whatever that it could not have been there for some days before the witness noticed it.

There is no such inconsistency between the confession and the testimony of the witness who discovered the automobile in the vacant lot, where defendant confessed he had left the same in the vicinity of Kamehameha IV road, as

to require the rejection of the confession.

"* * * Nor shall there be a reversal in any term case * * * for any finding depending on the credibility of witnesses or of the weight of the evidence * * *." (R. L. H. 1945, § 9564; *Ter.* v. *Gagarin,* 36 Haw. 1, 5.)

There is sufficient evidence to sustain the finding of the trial judge.

Judgment affirmed.

*T. W. Flynn* (also on the briefs) for plaintiff in error.

*N. Nakagawa,* Assistant Public Prosecutor (also on the brief) for defendant in error.